NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
PETER S. LEVITT
SUPRIYA PRASAD
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336/FAX: (702) 388-5087
peter.s.levitt@usdoj.gov
*Representing the United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TWYLA RUSSELL AND MARISSA MILLER,<br><br>Defendants. | Case No. 2:20-cr-297-RFB-DJA<br><br>**SECOND STIPULATION FOR A PROTECTIVE ORDER** |

The parties, by and through the undersigned, respectfully request that the Court issue a Second Order protecting from disclosure to the public, or any third party not directly related to this case, any discovery produced by the Government to defense counsel[1] during discovery, under Bates-stamp numbers M1-M5 (the "Second Protected Material"). The parties state as follows:

1. The indictment in this case first issued on October 27, 2020.

2. Trial is currently set for January 4, 2021.

---

[1] On November 29, 2020, Ronald A. Colquitt, Esq. advised that his client, Defendant Russell, had passed away on November 23, 2020. At the time of this writing, the Death Certificate has not been filed and Defendant Russell thus remains a named defendant. Nevertheless, the Government intends to make this second production of discovery only to Defendant Miller, who, along with the Government, will be the only other co-signatory.

1

3. On November 24, 2020, the Government made its initial production of discovery to defense counsel, under Bates-stamp numbers 000001-005242.

4. The Government desires and intends to produce additional discovery, including the Second Protected Material, as soon as possible.

5. The indictment in this case arises out of covert investigation into the Defendants' alleged conspiracy and unlawful distribution of controlled substances, including hydrocodone.

6. The Government believes that dissemination of the Second Protected Material, could reveal personal identifying information of potential witnesses.

7. In order to protect the potential witnesses and suspects involved in and revealed by the Second Protected Material, the parties intend to restrict access to the Second Protected Material in this case to the following individuals: the defendant, attorneys for all parties, and any personnel that the attorneys for all parties considered necessary to assist in performing that attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

8. Without leave of Court, the Covered Individuals shall not:

    a. make copies for, or intentionally allow copies of any kind to be made by any other person of the Second Protected Material in this case, or intentionally permit dissemination of the Second Protected Material at the Pahrump jail facility, or any other detention facility where either Defendant may be housed, to include leaving a copy of the Second Protected Material unsecured at any detention facility where either Defendant may be housed;[2]

---

[2] The Defendants were released on conditions on November 3, 2020. It is the parties' understanding that, in the event the Defendants are ever housed in a correctional facility during the pendency of this case, a copy of the Second Protected Material will be provided to the library located at that facility where the Defendant can check it out and view it as needed. However, when the Defendant is finished viewing the Protected Material, she must return his copy of the Second Protected Material to the library for safekeeping.

    b. intentionally allow any other person to read, listen, or otherwise review the Second Protected Material;

    c. use the Second Protected Material for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

    d. attach the Second Protected Material to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

  9. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Second Protected Material as evidence at trial or support in motion practice.

  10. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

  11. Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

///

///

///

///

///

///

///

///

///

///

12. The defense hereby stipulates to this protective order.

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

 /s/ Peter S. Levitt
PETER S. LEVITT
Assistant United States Attorney


 /s/ Rebecca Levy
REBECCA LEVY
Assistant Federal Public Defender
Attorney for Defendant MARISSA MILLER

**IT IS SO ORDERED:**

_____                                              December 27, 2020
RICHARD F. BOULWARE II                                                           Date
UNITED STATES DISTRICT JUDGE